UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
BRYANT L. BAHAM ) CASE NO.  14-10436(1)(7)
JANICE M. BAHAM )
)
Debtor(s) )

## MEMORANDUM-OPINION

This matter came before the Court for an evidentiary hearing on the Motion to Avoid the Liens of South Central Bank of Monroe County, Inc. and the Medical Center of Scottsville filed by the Debtors Bryant L. Baham and Janice M. Baham ("Debtors"), regarding property located at 3193 Meador Port Oliver Road, Scottsville, Kentucky ("the Property").  The Court considered the Debtors' Motion, the Objections of South Central Bank of Monroe County, Inc. ("the Bank") and the Medical Center of Scottsville ("the Medical Center"), the testimony of the witnesses at the hearing and the arguments of counsel for the parties.  For the following reasons, the Court will **GRANT** the Motion, in part.

## FACTS

On April 18, 2014, Debtors filed their Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

Debtors' Petition listed the Property on Schedule A with a value of $90,000.  The Property consists of the primary residence located on 0.738 acres with a PVA assessment of $55,000, a second 1,200 square foot metal building on the Property which cost Debtors approximately $35,000 to build three years ago, and a carport used as storage for an RV.

Morgantown Bank & Trust holds the First Mortgage on the Property in the amount of $33,629.

Debtors claimed an exemption in the Property as $40,348.

The Bank has a judicial lien on the Property in the amount of $39,355.53 bearing interest at the rate of 11%, plus court costs, expenses and attorney's fees. The lien was recorded in the Allen County Clerk's office on October 8, 2013.

The Medical Center has a judicial lien on the Property in the amount of $1,653.220 bearing interest at the rate of 12%, plus court costs of $208.50 and attorney's fees. The lien was recorded in the Allen County Clerk's office on December 11, 2013.

Debtors seek to avoid the above judicial liens claiming the liens impair their exemption in the Property pursuant to 11 U.S.C. § 522(f)(1). The primary dwelling is a 1 bedroom, 2 bath house. The 1,200 square foot metal building was built by the Debtors in 2009 for use as a restaurant. The building, however, was never finished or used as a restaurant. It is currently being used for storage. The Debtors have the Property listed for sale for $150,000. The Property has been listed for over three years and Debtors have received no offers.

Debtors hired certified real estate appraiser Douglas S. McPherson to prepare a written appraisal of the Property. McPherson personally inspected the inside and outside of the structures on the Property. McPherson's appraisal, using a cost approach, values the dwelling at $48,000, the restaurant/storage building at $24,000 and the garage/carport area at $5,600 for a total estimate of $77,600. McPherson assigned a depreciation value of $17,936 to the entire approach of the Property, lowering the appraisal to $71,664.

The Bank hired real estate evaluator, J. Douglas Hatchett, to appraise the Property. Hatchett assigned a value of $90,000 which included $36,000 for the restaurant/storage building, $42,000 for the dwelling and $12,000 for the remaining structures. Mr. Hatchett did not physically go on the Property nor did he view the inside of the structures.

At the time of the evidentiary hearing, the payoff amount owed by Debtors to Morgantown Bank, the holder of the First Mortgage was approximately $32,755.

## **LEGAL ANALYSIS**

Debtors seek to avoid the liens of the Bank and the Medical Center pursuant to 11 U.S.C. § 522(f)(1). That statute provides, in pertinent part:

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is – –
>
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5) . . . ..

The statute authorizes avoidance of judicial liens only to the extent that those liens impair an exemption. An exemption is impaired "to the extent that the sum of [the liens and the exemption] exceeds the value of the debtor's interest in the property" absent the liens. *In re Hettinger*, 463 B.R. 835 (Bankr. W.D. Ky. 2011), quoting *In re Brinley*, 403 F.3d 415, 421 (6th Cir. 2005).

The Court must first determine the value of the Debtors' interest in the Property. The Court finds the Bank's appraisal of $90,000, too high, considering the unfinished nature of the building originally built to be a restaurant. The Debtors' appraisal, however, contains an unwarranted deduction of $17,936 for depreciation. Such depreciation figures are not normally applied to real estate. In this particularly case, the structures to which the depreciation applied are no older than

-3-

four years. Therefore, the Court finds the proper value of the Property to be in the amount of $81,000.

Applying 11 U.S.C. § 522(f)(2)(A) calculations as instructed by the Sixth Circuit in *Brinley* yields the following: prior liens plus the Debtors' exemptions totals $114,111 (Morgantown Mortgage of $13,755 plus the Bank's judicial lien of $39,355 plus the Medical Center's lien of $1,653 plus the Debtors' homestead exemption of $40,348 equals $114,111). Subtracting the value of the Debtors' interest in the Property of $81,000 leaves a balance of $33,111, which is the amount of the impairment in this case. The Medical Center's lien reduces the impairment to $31,458. The Bank's lien is greater than the impairment and may only be avoided by that amount. Consequently, the Bank retains its lien on the Debtors' property in the amount of $7,897. The Court shall enter an Order in accordance with the findings herein.

## CONCLUSION

For all of the above reasons, the Motions of the Debtors Bryant L. Beham and Janice M. Baham to avoid the liens of South Central Bank of Monroe County, Inc. and the Medical Center of Scottsville are **GRANTED**, **IN PART**, an Order accompanies this Memorandum-Opinion.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: November 18, 2014

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
 )
    BRYANT L. BAHAM ) CASE NO. 14-10436(1)(7)
    JANICE M. BAHAM )
 )
                    Debtor(s) )

### ORDER

Pursuant to the Memorandum-Opinion interested this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that pursuant to 11 U.S.C. § 522(f), the lien of the Medical Center of Scottsville is **AVOIDED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that pursuant to 11 U.S.C. § 522(f), $31,458 of the $39,355 judgment lien held by South Central Bank of Monroe County, Inc. is **AVOIDED**. South Central Bank of Monroe County, Inc. retains a lien in the amount of $7,897.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: November 18, 2014